IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

MILLARD GUTTER CO. V. FARMERS MUT. INS. CO.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MILLARD GUTTER COMPANY, A CORPORATION DOING BUSINESS AS MILLARD ROOFING AND GUTTER, APPELLANT AND CROSS-APPELLEE.

V.

FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, ALSO KNOWN AS FARMERS MUTUAL INSURANCE, ALSO KNOWN AS FARMERS MUTUAL, APPELLEE AND CROSS-APPELLANT.

Filed May 5, 2026.   No. A-24-818.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Reversed and remanded with directions.

Natalie M. Hein, of Millard Roofing and Gutter, and Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellant.

Michael T. Gibbons, of Woodke & Gibbons, P.C., L.L.O., for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

MOORE, Judge.

## INTRODUCTION

In connection with a 2013 storm, Millard Gutter Company, a corporation doing business as Millard Roofing and Gutter (Millard Gutter), entered into an authorization agreement for repairs with a customer who was insured by Farmers Mutual Insurance Company of Nebraska, also known as Farmers Mutual Insurance, also known as Farmers Mutual (Farmers Mutual). Millard Gutter then filed suit against Farmers Mutual in its own name, as a purported assignee, seeking to recover damages for breach of the insurance contract. Following a jury trial in the Douglas County District Court, Millard Gutter obtained a judgment against Farmers Mutual.

- 1 -

On appeal, Millard Gutter assigns that the district court erred by failing to award Millard Gutter the full amount of attorney fees and costs requested. Farmers Mutual cross-appeals, assigning that Millard Gutter did not have standing to prosecute the breach of contract and that the district court erred by entering judgment on the jury's verdict and awarding prejudgment interest and various fees. For the reasons set forth herein, we reverse the judgment of the district court and remand the cause with directions to dismiss Millard Gutter's complaint with prejudice.

STATEMENT OF FACTS

In 2013, Jane Anzalone hired Millard Gutter to repair the roof of her home and agreed to allow Millard Gutter to coordinate with her insurer, Farmers Mutual, concerning reimbursement for repairs authorized under her insurance policy. An authorization agreement was executed on May 11, 2013, and signed by both Anzalone and a representative of Millard Gutter.

The language of the authorization agreement gave Millard Gutter the authority to "negotiate approval for payment or reimbursement of expenses associated with any necessary repair work" with Farmers Mutual. The authorization agreement further "assigns to [Millard Gutter] the right and power to make demand upon any potentially liable insurance company for payment subject to [the insured's] continuing obligation, if any to make payment of deductible." Under the authorization agreement, the insured "recognizes that this assignment shall not discharge [the insured] from its liability for [Millard Gutter's] services," but the insured "shall be entitled to a credit for any payment or reimbursement made by any potentially liable insurance company." And if Millard Gutter performed work "not covered by insurance," the insured "will remain liable for the expense of any such work that they direct to be undertaken."

Farmers Mutual reimbursed $19,545.38 of Millard Gutter's invoice. On April 9, 2015, Millard Gutter filed a complaint against Farmers Mutual seeking additional payment and alleging that Farmers Mutual breached its duty to pay for work covered by the insurance policy. Millard Gutter's complaint did not state the specific amount allegedly owed by Farmers Mutual regarding Anzalone's claim. The complaint initially related to work done on behalf of Anzalone, as well as thirteen other insureds of Farmers Mutual named on an addendum attached to the complaint. The complaint requested total damages of at least $62,547.50, together with an award of prejudgment and postjudgment interest, attorney fees, and costs.

Millard Gutter subsequently filed a voluntary dismissal of all claims except the claim relating to Anzalone, which the district court allowed to proceed. During discovery, Millard Gutter asserted that its claim was in the amount of $2,854.97. Millard Gutter later produced a second invoice which increased its claim amount to $4,525.77.

One of the disputed issues in the litigation was whether Millard Gutter had standing to sue. In its answer to Millard Gutter's complaint, Farmers Mutual alleged that the purported assignment did not assign Millard Gutter the right to sue Farmers Mutual, was not a valid assignment, lacked proper and sufficient consideration and, therefore, Millard Gutter lacked standing to bring the action. Farmers Mutual asserted the affirmative defenses regarding Millard Gutter's alleged lack of standing, lack of privity of contract, and lack of status as the real party in interest. Farmers Mutual reasserted these allegations in its motion for summary judgment.

The district court denied Farmers Mutual's motion for summary judgment. The court found by the plain language of the authorization agreement, Anzalone did not assign Millard Gutter her entire claim, but did assign the right to demand payment for work it completed. The court noted

that the issue of the case was whether Farmers Mutual owed Millard Gutter additional sums for the fair market value of the work Millard Gutter completed in repairing Anzalone's home. The court found that because the authorization agreement did assign Millard Gutter the right to demand payment for work it completed, the agreement provided standing to sue.

The district court further found that the authorization agreement was signed prior to the work being performed and in partial consideration for the performance of the work. In addition, evidence in the record suggested that other agreements with Anzalone determined the scope of work and estimated price before work began. The court concluded that Millard Gutter had made a sufficient factual showing to defeat summary judgment on the issue of standing. The court also denied subsequent motions by Farmers Mutual, including a motion for a directed verdict and motion notwithstanding judgment claiming that Millard Gutter lacked standing.

Ultimately, the matter was tried before a jury over 8 days in May and June 2024. The jury was instructed that Millard Gutter had to prove, among other things, that it was assigned an "interest in the proceeds of the contract" between Anzalone and Farmers Mutual.

The jury entered a verdict for Millard Gutter in the amount of $4,525.77. The district court entered judgment on the verdict on June 6, 2024. On October 29, the court denied the posttrial motions filed by Farmers Mutual and awarded Millard Gutter prejudgment interest and some of its requested attorney fees and costs.

Millard Gutter appeals and Farmers Mutual cross-appeals.

## ASSIGNMENTS OF ERROR

Millard Gutter assigns, consolidated, that the district court erred by (1) failing to award the full amount of attorney fees which Millard Gutter requested, and (2) failing to award Millard Gutter the costs of deposition fees and other litigation expenses incurred.

Farmers Mutual cross-appeals and assigns, consolidated, that the district court erred by (1) concluding that Millard Gutter has standing to prosecute the present action, (2) granting Millard Gutter's motion to alter or amend, (3) admitting specific evidence at trial, (4) finding that Millard Gutter was entitled to recovery under the terms of Anzalone's policy, (5) denying Farmers Mutual's motions for mistrial, (6) entering judgment on the verdict and denying Farmers Mutual's posttrial motions to alter or amend and for remittitur, (7) denying Farmers Mutual's motion to strike Millard Gutter's claim for prejudgment interest and awarding prejudgment interest, and (8) denying Farmers Mutual's motion to strike Millard Gutter's claim for attorney fees and awarding attorney fees after trial.

## STANDARD OF REVIEW

Whether a party who commences an action has standing and is therefore the real party in interest presents a jurisdictional issue. *Valley Boys v. American Family Ins. Co.*, 306 Neb. 928, 947 N.W.2d 856 (2020). When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's; however, when a determination rests on factual findings, a trial court's decision on the issue will be upheld unless the factual findings concerning jurisdiction are clearly incorrect. *Id.*

ANALYSIS

We begin with the assignment made in Farmers Mutual's cross-appeal that the district court erred by concluding that Millard Gutter was a real party in interest with standing to prosecute the present action. Farmers Mutual argues that the assignment was not valid because the actual scope and price of the "insurance repair work" contemplated in the authorization agreement was never identified. Farmers Mutual also asserts that the authorization agreement did not confer standing for Millard Gutter to prosecute a breach of contract action on Anzalone's behalf because the authorization agreement assigned an interest in the proceeds of Anzalone's insurance policy and not the claim itself.

The construction of a contract is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determinations made by the court below. See *Valley Boys v. American Family Ins. Co.*, 306 Neb. 928, 947 N.W.2d 856 (2020). An assignment is a contract between the assignor and the assignee, and is interpreted or construed according to the rules of contract construction. *Id.*

A contract written in clear and unambiguous language is not subject to interpretation or construction and must be enforced according to its terms. *Id.* The court must accord clear terms their plain and ordinary meaning as an ordinary or reasonable person would understand them. *Id.*

A debtor has standing to challenge an assignment if it can show actual prejudice by the improper assignment, an injury that is directly traceable to the assignment, such as being at risk for paying the same debt twice, or by otherwise showing that the assignment is invalid, ineffective, or void. *Id.* If there has been a valid and complete assignment of rights, then the assignee is the real party in interest. *Id.* If an assignment is invalid, then the purported assignor remains the real party in interest. *Id.*

A party seeking to enforce a contract has the burden of establishing the existence of a valid, legally enforceable contract. *Id.* It is a fundamental rule that in order to be binding, an agreement must be definite and certain as to the terms and requirements. *Id.* Generally, mutuality of obligation is an essential element of every enforceable contract and consists in the obligation on each party to do, or permit something to be done, in consideration of the act or promise of the other. *Id.* An agreement which depends upon the wish, will, or pleasure of one of the parties is illusory and does not constitute an enforceable promise. *Id.*

Millard Gutter relies upon *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 295 Neb. 419, 889 N.W.2d 596 (2016), where the Nebraska Supreme Court held that in the absence of a statute to the contrary, an insured may validly assign a postloss breach of contract claim for insurance proceeds due under a homeowner's policy. The court also held that the assignee of such a claim has standing to bring the breach of contract claim in its own name. See *id.* We note, however, that the primary issue in that case was whether the assignment of a claim may be valid where the insurance policy stated that any assignment made without the insurer's consent would be invalid.

In the present case, the authorization agreement gave Millard Gutter the right to "proceed with the insurance repair work" on the property. The form included a series of check boxes to indicate the "materials damaged" on the house, and the boxes checked included roofing, gutters, and windows. The agreement also authorized Millard Gutter to "negotiate approval for payment or reimbursement" of the expenses associated with any necessary repair work with Farmers Mutual. The "customer" (Anzalone) also agreed to assign to Millard Gutter the right to make

demand for payment upon the insurance company. Notably, the agreement further provided that the customer agreed to execute further documentation as may be reasonably necessary to process any claim by Millard Gutter or obtain payment from the insurance company. No further documentation assigning Anzalone's claim against Farmers Mutual to Millard Gutter was submitted in this case.

In *Millard Gutter Co. v. Continental Cas. Co.*, 9 F.4th 711 (8th Cir. 2021), the Eighth Circuit Court of Appeals affirmed the grant of summary judgment in favor of Continental by the U.S. District Court for the District of Nebraska. The district court first noted that as a general matter, an insured may assign its postloss insurance claim consistent with Nebraska law, citing *Millard Gutter Co. v. Farm Bureau, supra*, and *Valley Boys v. Allstate Ins. Co.,* 66 F. Supp. 3d 1179 (D. Neb. 2014). Applying Nebraska law, the district court found that a similar agreement authorizing Millard Gutter "to negotiate approval for payment or reimbursement of expenses associated with any necessary repair work" and to "make demand upon [the insurance company] for payment" of the repair costs did not give Millard Gutter the right to determine the scope of the insured's loss and necessary repairs. The court determined that Millard Gutter was assigned only the proceeds of the insurance claims, not the claims themselves. The Eighth Circuit agreed, finding that the contract terms were clear and did not authorize Millard Gutter to determine the scope of damages or loss, but, rather, only permitted Millard Gutter to seek payment from the insurance company and negotiate the terms of those payments. See, also, *R.A.D. Services v. State Farm Fire & Cas.*, 60 F.4th 408 (8th Cir. 2023) (finding Millard Gutter's authorization form giving contractor right to proceed with repair work and seek payments from homeowner's insurer and negotiate terms of payments was insufficient to assign right to pursue claim against insurer).

We likewise conclude that the authorization agreement in this case did not provide a valid assignment of Anzalone's claim against her insurance company, but, rather, only granted Millard Gutter the right to negotiate with Farmers Mutual for approval and receipt of the insurance proceeds. As such, Millard Gutter was not the real party in interest with standing to pursue the claim against Farmers Mutual. Although not controlling here, subsequent to the events in that case, the Legislature enacted Neb. Rev. Stat. § 44-8605 (Reissue 2021), which sets forth requirements for postloss assignments of rights under insurance policies.

We reverse the decision of the district court and remand the cause with instructions to dismiss Millard Gutter's complaint with prejudice. Because the resolution of the validity of the purported assignment is determinative, we need not address the remaining assignments of error on direct appeal and cross-appeal. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Sebade v. Sebade*, 320 Neb. 398, 28 N.W.3d 19 (2025).

CONCLUSION

Because the authorization agreement did not provide a valid assignment of Anzalone's claim against Farmers Mutual, we conclude that Millard Gutter lacked standing as a real party in interest to pursue the claim against Farmers Mutual. We reverse the judgment of the district court and remand with directions to dismiss Millard Gutter's complaint with prejudice.

REVERSED AND REMANDED WITH DIRECTIONS.